MICHAEL W. PRAH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prah v. Commissioner
Docket No. 26636-88
United States Tax Court
T.C. Memo 1991-219; 1991 Tax Ct. Memo LEXIS 241; 61 T.C.M. (CCH) 2639; T.C.M. (RIA) 91219; May 21, 1991, Filed *241 Decision will be entered for the respondent. Michael W. Prah, pro se. Michael S. Noble, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax under section
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661(a)
1979
$  7,773.31
$  3,886.66
--    --
--   1980
13,073.53
6,536.77
--    --
--   1981
20,413.22
10,206.61
--    --
--   1982
19,138.47
--    $ 9,569.24
*
$ 4,784.62
1983
8,470.50
--    4,241.50
*
2,117.63
1984
9,873.00
--    4,936.50
*
2,468.25
After minor concessions by respondent, the parties have stipulated to petitioner's liability for the underlying deficiencies. The issue for decision is whether petitioner is liable for additions to tax for fraud for the years in issue under section 6653(b)(1) and (2). All *242 section references are to the Internal Revenue Code as amended and in effect for the years in issue. FINDINGS OF FACT Some facts are stipulated and are so found. Petitioner resided in North Hollywood, California when he filed his petition. Petitioner worked for CBS, Inc. (CBS) where he earned from $ 30,571.16 to $ 55,187.28 per year during the years in issue. Petitioner's income in those years was almost entirely wages from his job with CBS. Petitioner failed to file timely returns for any of the years at issue, although eventually he filed untimely returns after pleading nolo contendere to income tax evasion, but only before his sentencing. Petitioner had filed timely returns for the years 1971 through 1978. False Forms W-4
Petitioner filed 8 Forms W-4, 6 of which claimed exemption from withholding, and 2 which claimed 24 and 25 exemptions. These forms were: Date filed
Status claimed
July 3, 1980
exempt
February 6, 1981
exempt
April 6, 1981
exempt
October 20, 1981
24 exemptions January 1, 1982
exempt
December 14, 1982
25 exemptions February 23, 1983
exempt
February 13, 1984
exempt
Respondent's Fresno, California service center wrote to CBS in July *243 1982, stating that petitioner's current Form W-4 did not comply with the Internal Revenue Code and instructed CBS to disregard the form. CBS disregarded petitioner's Form W-4 and resumed withholding Federal income tax from his wages. Petitioner protested CBS's renewed withholding to CBS and later requested that his union take action against CBS for its refusal to comply with his Form W-4. By letter dated July 10, 1984, the service center advised petitioner that his currently filed Form W-4 did not meet the requirements of the Internal Revenue Code. Petitioner responded to the service center by a letter mailed on July 23, 1984, and stated that the Form W-4 referred to in the July 10, 1984, letter was filed in error and that a new Form W-4 which claimed 25 exemptions had been filed. CCP, YHPA, and other concealment activities
Petitioner created an entity called "Church of the Christian Patriots" (CCP) in October 1980. He opened two bank accounts in CCP's name using his roommate's social security number. Petitioner had full control over funds in the accounts and used them solely for personal purposes. In April 1983, petitioner purchased by mail gold Krugerands and silver *244 bullion from a company known as I.P.M.C. Petitioner paid for these purchases with CCP checks. Petitioner also enclosed a letter to I.P.M.C. in which he requested that I.P.M.C. not write his order and account numbers on his checks. Petitioner was a member of Your Heritage Protection Association (YHPA), an organization that interprets the Federal Constitution and other laws to be authority for the proposition that Federal income taxes are unconstitutional. Petitioner purchased special pens from YHPA. The ink from these pens is impossible to photocopy or microfilm. When a check endorsed with such ink is photocopied or placed on microfilm, it appears to be unendorsed in the reproduction. Petitioner used these pens to sign all checks he endorsed. False Forms 1040
In July 1985, petitioner filed Forms 1040 for 1979 through 1984. These forms showed no taxable income because petitioner reported Schedule C gross receipts equal to the Form W-2 wages earned from CBS, and "cost of goods sold and/or operations" equal to the gross receipts. Petitioner also crossed out the jurat portions of the forms and wrote "signed under protest and duress." Dealings with IRS agents
In a letter *245 dated May 31, 1983, the Internal Revenue Service (IRS) requested an appointment with petitioner to clarify why Federal income tax returns were not filed for 1979, 1980, and 1981. Petitioner responded in June 1983, stating that he did not wish to meet with any IRS agent. The IRS then requested that petitioner file tax returns for 1979, 1980, and 1981. Petitioner's response to this request in July 1983 was that he was not a taxpayer, was not subject to the Internal Revenue Code, and did not need to contact the IRS. In a letter dated February 5, 1985, petitioner agreed to furnish all information to which the IRS legally was entitled as long as the request was in writing. Petitioner argued that an individual was not liable for an income tax in a letter dated August 3, 1985 to Mr. Frank Fotinatos, an IRS agent. Petitioner again wrote to Mr. Fotinatos on December 8, 1985, stating that "you, and your agency (Internal Revenue Service), are guilty of criminal acts, including some of the most flagrant abuses of administrative and judicial processes against innocent persons * * *." In this letter, petitioner also accused Mr. Fotinatos of invading petitioner's privacy, harassing him, and *246 waging "corrupt, trumped-up criminal charge campaigns." Petitioner further stated he would not meet with Mr. Fotinatos. Conviction for tax evasion
Petitioner was indicted for tax evasion under section 7201 for the years 1980 through 1983. In June 1988, petitioner pleaded nolo contendere to one count of tax evasion for 1983. Petitioner filed Federal income tax returns for the years 1979 through 1984 in September 1988. In October 1988, petitioner was sentenced to 5-years' probation and ordered to pay all back taxes owed as a condition of probation. OPINION The only issue is whether petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (2) for the years 1979 through 1984. The elements of fraud under this section are, first, that an underpayment exists, and, second, that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. . The existence of fraud is a question of fact. , affd. without published opinion . *247 Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. ; . Badges of fraud include (1) the filing of false documents, , affd. ; (2) concealment of assets; (3) failure to file tax returns; (4) understatements of income, , affg. a Memorandum Opinion of this Court; (5) the making of false and inconsistent statements to revenue agents, ; and (6) failure to cooperate with tax authorities, , affg. a Memorandum Opinion of this Court. Petitioner has stipulated to the deficiencies determined by respondent for the years 1979 through 1984. Such stipulation establishes *248 the existence of an underpayment by clear and convincing evidence for the years at issue. Petitioner's criminal conviction under section 7201 for tax evasion for 1983 establishes facts that make him liable for the additions to tax for fraud for that year. ; , affd. ; see also . However, even if petitioner's conviction did not establish his liability for 1983, there are sufficient facts in the record to find petitioner liable for such additions to tax. We now consider whether any part of the underpayment for each year at issue is due to fraud. We find that petitioner had an intent to evade taxes known to be owing for each year at issue as evidenced by his conduct intended to conceal and mislead as discussed below. Filing false documents
During the years 1980 through 1984 inclusive, petitioner filed 8 false Forms W-4, 6 of which falsely claimed that he was exempt from taxation and the other 2 improperly claiming 24 and 25 exemptions. When *249 contacted by IRS agents regarding these claims, petitioner represented that he was not liable for income taxes. Petitioner attempted to eliminate or minimize the withholding from his wages because he had no intention of ever reporting his income or paying the Federal income taxes he knew was owing on such income. Concealment of assets
Petitioner in 1980 attempted to conceal his bank accounts by placing them in the name of CCP and under his roommate's social security number to hide his financial activities from the IRS. Petitioner purchased silver bullion and Krugerands and paid with CCP checks. He instructed the mail order company not to write his account or order number on his checks. We find that petitioner gave such instruction and used CCP checks because he wanted to conceal the assets purchased. Petitioner also attempted to conceal his financial activities by endorsing checks deposited in the CCP accounts with a special pen, the ink from which did not appear in photocopies or on microfilm. At trial, petitioner stated that he merely used a blue felt pen that can be purchased at any stationery store but admitted that ink from such pens would not appear on microfilm *250 or in photocopies. Petitioner testified that he wanted his endorsement to be invisible to microfilm "for the protection of my financial affairs" because such affairs were none of the Government's or anyone else's business. In his testimony, petitioner admitted that he used the pens to conceal his financial activities. Petitioner attempted to conceal his endorsements on checks in order to hide his income and avoid paying taxes on such income which he knew was owing. Failure to file tax returns
Petitioner failed to file timely returns for all of the years at issue. He filed timely returns for the years 1971 through 1978. Petitioner knew he had a duty to file for the years at issue. Petitioner filed untimely returns for the years at issue. However, he did so only after his conviction, but before his sentencing for income tax evasion, in order to obtain a less harsh sentence. Petitioner's failure to file timely returns for the years at issue was done with an intent to conceal his income and to evade taxes known to be owing. Understatements of income
Petitioner understated his income in the Forms 1040 that he filed for the years 1979 through 1984. These forms did not *251 constitute valid returns because the jurat portions of the returns were crossed out by petitioner's writing over them "signed under duress and protest." Petitioner filed a Schedule C, which listed his wages as gross receipts and expenses that were equal to gross receipts. These documents were filed to mislead the IRS and with an intent to evade taxes known to be owing. Making false statements to IRS agents
Petitioner stated that he was not a taxpayer and not subject to the Internal Revenue Code when the IRS requested that he file returns for 1979 through 1981. This statement was false, and we find that petitioner knew it was false when he made it. Petitioner argued that an individual was not liable for an income tax in a letter of August 3, 1985, to an IRS agent. We find that petitioner knew this argument was false. Failure to cooperate with tax authorities
When the IRS requested an appointment with petitioner in May 1983 regarding his nonfiling of returns, petitioner stated that he would not meet with any IRS agent. Petitioner refused to file returns when the IRS asked him to do so for 1979 through 1981. When petitioner was subject to criminal investigation, he *252 became hostile towards an IRS representative, Mr. Fotinatos, as petitioner accused Mr. Fotinatos of being guilty of criminal acts, invading petitioner's privacy, harassing petitioner, and bringing trumped-up, criminal charges against petitioner. Petitioner also refused to meet with Mr. Fotinatos. Petitioner's noncooperation with and hostility towards IRS representatives are evidence of petitioner's intent to evade taxes known to be owing. In a letter dated February 5, 1985, petitioner agreed to furnish all information to which the IRS legally was entitled as long as the request was in writing. However, this statement of cooperation was not acted upon as illustrated by the threatening letter to Mr. Fotinatos in December 1985 and petitioner's continued nonfiling of returns. Based on all of the above badges of fraud, petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (2) for 1979 through 1984. Post-trial briefs
Both parties expressed their preference at trial not to file briefs. The Court agreed to honor this preference and consider the case on the basis of the record as it stood, including each party's trial memorandum which had been submitted. *253 The Court advised both parties that if either of them changed his mind, the Court would accept post-trial briefs or other material. To date, neither party has filed any post-trial briefs. Petitioner's argument as expressed in the record
Petitioner's defense against the fraud additions to tax is that he sincerely believed that Federal income taxes were unconstitutional. He asserted that this belief was illustrated by his answering all IRS correspondence promptly, his legal research, and the teachings of YHPA. Petitioner's argument, in essence, is that his sincerely held views, however misguided, negated his intent to evade because if he sincerely believed that he did not owe taxes, then he could not have had the intent to evade taxes. However, we do not find petitioner's testimony on this point credible. We find that he did not have any such sincerely held belief. Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on $ 19,138.47, $ 8,483.00, and $ 9,873.00.↩